# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1895 | **DATE** | 4/22/2002 |
| **CASE TITLE** | Menasha Corporation vs. News America Marketing In-Store, et | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3 May 02 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Insignia Systems Inc's Motion to Intervene is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 23 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 50 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 02 APR 23 PH 7:55 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

MENASHA CORPORATION,

               Plaintiff,

      v.

NEWS AMERICA MARKETING IN-
STORE, INC. and NEWS AMERICA
MARKETING IN-STORE SERVICES,
INC.,

              Defendants.

APR 22 2002

Judge Harry D. Leinenweber
U. S. District Court

Case No. 00 C 1895

Hon. Harry D. Leinenweber

DOCKETED
APR 2 3 2002

## MEMORANDUM OPINION AND ORDER

Before the Court is Insignia Systems Inc.'s ("Insignia") Motion to Intervene pursuant to FED. R. CIV. P. 24(b) for the limited purpose of obtaining access to deposition testimony and accompanying exhibits in this case.

## BACKGROUND

Insignia is a Minnesota-based company that provides in-store advertising for consumer packaged goods manufacturers through the placement of signs and disposable coupon dispensers in grocery stores, on the shelf beside the goods. Insignia negotiates contracts with retail grocery store chains to display its advertising materials. Menasha Corporation ("Menasha") and News America Marketing In-Store, Inc. ("News America") are also in the business of providing similar in-store advertising and promotion products. Menasha's product is an at-shelf coupon dispenser sold



while News America sells a wide variety of in-store advertising including both at-shelf coupon dispensers and at-shelf signs. News America allegedly negotiates contracts with retail chain stores that include exclusivity clauses purportedly excluding competing promotional products and services, such as those offered by Insignia and Menasha.

In March 2000, Menasha sued News America in this Court alleging that News America's acquisition of a competing in-store advertising company violated Section Two of the Sherman Act and that the alleged monopoly was being perpetuated through the use of exclusivity clauses. Significant discovery has been taken in the Menasha litigation. More than ninety depositions have been taken in this case, all subject to a protective order limiting their disclosure.

In August 2000, News America sued Insignia in the United States District Court for the Southern District of New York alleging, *inter alia*, that Insignia tortiously interfered with its exclusivity agreements. Insignia counterclaimed with allegations similar to, but slightly broader than Menasha's Sherman Act allegations. In the New York action, Insignia brings a claim under Section Two of the Sherman Act that is nearly identical to Menasha's. Insignia also claims that the exclusivity clauses at issue are unreasonable restraints of trade under Section One of the Sherman Act. To prevent duplication of discovery already conducted

in the Menasha action, Insignia brings the present motion to intervene, modify the protective order in the Menasha action and permit Insignia access to relevant deposition transcripts and accompanying exhibits for use in the New York action.

## MOTION TO INTERVENE

### *Standard*

A party is permitted to intervene in an action when "an applicant's claim or defense and the main action have a question or law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. FED. R. CIV. P. 24(b). The Seventh Circuit recognizes that intervention pursuant to Rule 24 is the appropriate procedure for third-party challenges to protective orders. *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994). Additionally, courts must apply Rule 24 in light of FED. R. CIV. P. 1's mandate that the rules be "construed and administered to secure the just, speedy, and inexpensive determination of every action." To that end, the Seventh Circuit has held that "Where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice

substantial rights of the party opposing modification." *Wilk v. American Medical Assoc.,* 635 F.2d 1295, 1299 (7th Cir. 1980).

### *Discussion*

A party seeking to intervene pursuant to Rule 24 must first demonstrate that their claim or defense and the main action share a common question of law or fact. Insignia's New York cause of action and the present case both involve allegations of antitrust violations against the same party - News America. Both Menasha and Insignia assert that News America's exclusivity agreements violate provisions of the Sherman Act, and that News America monopolized segments of the in-store advertising market in violation of Section Two of the Sherman Act. Both also assert common law unfair competition and tortious interference with prospective business relationship claims against News America. News America attempts to make much out the fact that Menasha's allegations relate to at-shelf coupon dispensers, whereas Insignia's New York action relates to at-shelf price signage. News America contends that this factual distinction between the two Sherman Act claims is fatal to Insignia's motion to intervene. However, in response to one of Menasha's interrogatories in this case, News America itself broadly defined the relevant market as "the market for marketing services." Despite some minor factual difference between the actions, the two cases are virtually identical. Many of the depositions taken in Menasha's Illinois action appear to be relevant to the New York

litigation and would eventually be the subject of discovery in that action. *See Grove Fresh*, 24 F.3d at 896; *Wilk*, 635 F.2d at 1301. Insignia's claims are sufficiently related to the present action to justify its intervention in this case pursuant to Rule 24.

Having determined that a proper basis exists for modifying the protective order in this case so as to avoid duplicative discovery in the New York action, the burden shifts to the party opposing intervention to demonstrate that permitting intervention and modification of the protective order would tangibly prejudice a substantial right of that party. *Wilk*, 249 F.2d at 1299. News America's reliance on this issue on *Griffith v. University Hospital, L.L.C.*, 249 F.3d 658 (7th Cir. 2001) is misplaced. In *Griffith*, a large class action suit had reached tentative settlement based on the terms of the protective order at issue. *Id.* at 661. The district court in *Griffith* denied the motion for intervention and modification of the protective order because it would upset the finality of the settlement, thereby prejudicing the *Griffith* class plaintiffs. *Id.* News America does not argue, because it cannot, that prejudice of this magnitude would occur if modification of the protective order is granted in this case. Of course, the Court's holding in no way diminishes News America's right to challenge Insignia's access to specific materials in order to retain protection for items which would ordinarily not be

discoverable due to privileges or irrelevance. *Grove Fresh*, 24 F.3d at 896.

The Court therefore grants Insignia's motion to intervene for the limited purpose of modifying the Menasha Protective Order to permit Insignia access to relevant deposition transcripts and exhibits produced by News America to Menasha in the Illinois action. Insignia is permitted to copy any material at its own expense. The Court further notes that Insignia is bound by all the terms of the Menasha Protective Order and the Supplemental Stipulations to that Order. Insignia is barred from using any News America materials for any purpose unrelated to the New York action.

## CONCLUSION

For the reasons set forth above, Insignia's Motion to Intervene is granted pursuant to FED. R. CIV. P. 24(b).

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: April 22, 2002