# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1895 | **DATE** | 7/31/2003 |
| **CASE TITLE** | Menasha Corporation vs. News America Marketing, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: NAMIS' bill of costs is GRANTED IN PART and DENIED IN PART. The Court awards NAMIS a total amount of $68,696.48.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 0 1 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 135 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | 03 JUL 31 PM 4:45  Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MENASHA CORPORATION,

        Plaintiff,

v.

NEWS AMERICA MARKETING IN-STORE, INC. and NEWS AMERICA MARKETING IN-STORE SERVICES, INC.,

        Defendants.

Case No. 00 C 1895

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

#### I. BACKGROUND

Before the Court is Defendants News America Marketing In-Store, Inc. and News American Marketing In-Store Services, Inc.'s (hereinafter collectively, "NAMIS") petition for costs, which they timely filed after the Court granted summary judgment in their favor. Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the Court otherwise directs." 28 U.S.C. § 1920 specifies the costs that may be recovered pursuant to Rule 54(d)(1). The costs explicitly allowed by § 1920 are: (1) the fees of the clerk and marshal; (2) fees for court reporters and transcripts; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. When evaluating a bill of costs,

"the Court must determine whether (1) the expenses are allowable under § 1920, and (2) the expenses are reasonable and necessary." *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995).

NAMIS requests that Plaintiff, Menasha Corp. (hereinafter "Menasha"), pay total taxable costs of $78,112.86, including deposition and transcript fees of $56,732.96, witness and subpoena service fees of $2,238.70, and copying costs of $19,141.20. Plaintiff raises numerous objections to these items. For the reasons set forth below, the Court grants in part and denies in part NAMIS's request.

## II. **DISCUSSION**

### A. **Deposition Transcripts and Fees**

NAMIS requests that Menasha be taxed $56,732.96 for deposition transcripts and fees. Of this amount, NAMIS seeks $39,611.28 in deposition transcript production costs, $611.75 in exhibit reproduction costs, $10,283.64 in court reporter attendance fees, $900.56 in shipping costs, $665.00 for conference room and telephone costs, $663.00 for administrative, swearing in, certification and signature procurement fees, and $3,997.73 for videotaping and CD production. The Court will address each cost in turn.

Defendant first requests a total of $39,611.28 in deposition transcript production fees. A prevailing party is limited to

recovery of up to $3.00 per page for original transcripts and $0.75 per page for copies of deposition transcripts. *See* VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS MANUAL Ch. 20, pt. 20.3 (1998); *but cf. McDonald v. Vill. of Winnetka*, No. 00 C 3199, 2003 WL 1989656, at *1 (N.D. Ill. Apr. 30, 2003)(recognizing recent increase in transcript rates). Plaintiff does not object to Defendant's recovery of costs for original and copied transcripts, and after reviewing these requested costs, the Court finds that they all fall within the proscribed limits. Defendant, however, only provides documentation for $39,277.45 of such costs, and the Court accordingly awards NAMIS that amount for deposition transcript fees.

Defendant also requests $611.75 for costs incurred from reproducing certain deposition exhibits. Courts should not award "costs associated with deposition exhibit copies unless the costs are essential to understanding an issue in the case." *Fait v. Hummel*, No. 01 C 2771, 2002 WL 31433424, at *2 (N.D. Ill. Oct. 30, 2002). While such costs may be reasonable given the large number of depositions, Defendants have not shown that the exhibit copies were essential. As a result, the Court denies Defendant's request for this fee.

Defendant is entitled to reasonable court reporter attendance fees. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). Courts have generally found hourly rates of $30.00 to $60.00 per hour to

be reasonable. *See McCollough v. O'Neill*, No. 01 C 6510, 2003 WL 737847, at *1 (N.D. Ill. Feb. 28, 2003). In total, NAMIS seeks $10,283.64 in reporter fees. While Defendant provides sufficient information to determine hourly rates for the majority of requested fees, it fails to provide enough information to calculate hourly rates in several instances. In some of these cases, the Court still finds the amount requested reasonable given the length of the transcript produced. No hourly rate is provided for the attendance fee charged for the Jeffrey Cohen and Arthur Songey transcripts of November 28, 2000. However, the total amount requested is $40.00 for each transcript, which the Court finds reasonable. Similarly, the Court finds the $75.00 fees requested for the George Rebh transcript of February 6, 2001 and the Austin Noll transcript of August 20, 2001 reasonable given the length of the transcripts. No rate is given for either the Richard Rebh or Steve Marquis transcripts of September 6, 2001, but the Court also finds a charge of $37.50 for each to be reasonable.

In several instances, Defendant provides sufficient information to determine the hourly rate, but that rate is unreasonable. The Court reduces the fees in these cases to amounts that reflect use of a reasonable hourly rate. Defendant's request for $72.25 for a 1.17 hour long appearance for the Llana Dostie deposition is excessive, and the Court reduces the amount granted to $70.20 to reflect a permissible hourly rate of $60.00. The

Court also finds the fee for the Richard Rebh deposition of March 27, 2002, $72.25 for 45 minutes, to be excessive, and accordingly awards Defendant $45.00, the amount billable at the more reasonable rate of $60.00 per hour. The Court reduces the amount taxed to Plaintiff for the May 16, 2002 David Schopp transcript from $72.25 to $55.00, to reflect a more reasonable charge for a 55 minute appearance at $60.00 per hour.

The Court makes two other reductions to Defendant's request for stenographer fees. The amount awarded for the July 24, 2002 James Langenfeld transcript is reduced from $271.05 to $270.94 to reflect the fee actually paid. Defendant's exhibits also fail to show either the number of hours or the hourly rate for the Kenneth Wacker deposition of June 5, 2001. The Defendant's request for the fees for this deposition is accordingly denied and the award reduced by $382.50. All other requested fees fall within the range of reasonable hourly rates. The Defendant's request for court reporters' fees is therefore granted in the amount of $9,854.48.

In addition to transcript fees, Defendant requests that Plaintiff be taxed for shipping costs, conference room and telephone costs, and other incidental fees. Menasha contends that such fees may not be awarded to a prevailing party because they represent ordinary business expenses. Although not explicitly mentioned in 28 U.S.C. § 1920, the Seventh Circuit has upheld the discretion of district courts to award such costs. *See Finchum v.*

*Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995); *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 944 (7th Cir. 1988). Shipping costs, however, have generally been deemed ordinary business expenses that may not be recovered by the prevailing party. *See Rodgers v. City of Chicago,* No. 00 C 2227, 2002 WL 423723, at *2 (N.D. Ill. Mar. 15, 2002)(citing COURT REPORTERS MANUAL ch. 20, pt. 20.9.4). As the additional costs sought also represent ordinary business expenses, the Court denies Defendant's requests for $900.56 in shipping costs, $665.00 in conference room and telephone costs, and $663.00 in administrative fees.

Defendant next seeks $3,997.73 for videotapes and CD transcripts. Defendants may not recover costs for videotape or CD copies of transcripts when a paper transcript was also purchased. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, No. 01 C 6934, 2002 WL 31207212, at *2 (N.D. Ill. Oct. 2, 2002)(citing *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). Defendant received the videotapes and CDs in addition to the paper copies of the transcripts and fails to demonstrate why these extra materials were necessary. Because they were clearly for the Defendant's convenience, the Court denies Defendant's request for these items.

### B. Witness and Subpoena Service Fees

NAMIS also seeks $2,238.70 in witness and subpoena service fees. Such fees are authorized under § 1920(1). *Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996). Service fees, however,

may not exceed amounts charged by the U.S. Marshal Service, which charges $45.00 per hour and $0.365 per mile. *Id.* at 1060. Witness fees may not exceed $40.00 plus reasonable travel expenses and subsistence charges. 28 U.S.C. § 1821(b), (c). Plaintiff objects to $1,082.00 of the costs that NAMIS seeks to recover. After reviewing Defendant's exhibits, the Court makes several reductions.

Defendant requests service fees in excess of the proscribed $45.00 limit in numerous instances without providing any documentation justifying the additional award. NAMIS does, however, attach exhibits that adequately demonstrate that it served the following parties: Prime Consulting Group, the Jeffrey Gropp, Outta The Box Dispensers, Bounty SCA Worldwide, Try Foods International, the Catalina Marketing Corp., Alvern Inc., Fasteners for Retailer, and Charles Emerson. Therefore, the Court awards $45.00 for service to each of these parties.

In some cases where the Defendant does provide documentation justifying extra costs for mileage, Defendant charges base fees above $45.00. As a result, the award for service made to Joan Champion is reduced from $147.60 to $117.60, that for Llana Dostie is reduced to $183.60, and the awards for Kiley Marketing and Bergfield & Assoc. are both reduced from $131.00 to $101.00 to reflect a proper base fee of $45.00 plus mileage.

Defendant also fails to provide adequate documentation to support witness fees in excess of $40.00 in several instances. The

fees requested for Catalina Marketing, Joan Champion, Llana Dostie, Holly Roper, Charles Emerson, and 3M are reduced to $40.00 due to the lack of documentation for mileage or other legitimate expenses. For the reasons stated above, the Court awards a total of $1,638.20 for witness and subpoena service fees.

### C. Copying Costs

Finally, NAMIS seeks recovery for copies of motions and pleadings and for copies of discovery documents. A prevailing party is entitled to recover the costs for making necessary copies of necessary documents. *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994). District courts have usually limited recovery to three sets of copies, as a prevailing party "may not recover copies made for its personal use," but "may recover for copies submitted to the court and opposing counsel." *Alsaras v. Dominick's Finer Foods, Inc.*, No. 99 C 4226, 2001 WL 1117275, at *2 (N.D. Ill. Sept. 19, 2001)(citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)). Under § 1920, a prevailing party may also recover costs incurred while producing documents for discovery requests. *See Chamberlain Group v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 31176068, at *4 (N.D. Ill. Sept. 30, 2002).

Defendant requests photocopying costs for between four and six sets of various documents, but provides no basis for the Court to determine whether these extra sets were necessary for use in the

case. Defendant states that the number of sets varied depending on whether it submitted copies of documents to one or both opposing counsel, but it fails to note which documents were served to both counsel, or why more than four copies were ever necessary. The Court therefore awards Defendant costs for only three sets of all documents requested. The Court finds Defendant's requested charge of $0.15 per page for motions, pleadings, and discovery documents to be an acceptable rate. *Manley v. City of Chicago*, 236 F.3d 392, 398-99 (7th Cir. 2001). After reducing Defendant's request to the permissible three copies per document, the Court awards $2,093.85. Additionally, the Court awards Defendant the amount of $15,832.50 for costs related to the production of 105,550 pages of discovery documents at $0.15 per page. Although Plaintiff objects to Defendant's request, such documents were requested by Plaintiff and the Court finds them necessary to the litigation.

## CONCLUSION

For the reasons stated above, NAMIS's bill of costs is GRANTED IN PART and DENIED IN PART. The Court awards NAMIS a total amount of $68,696.48.

**IT IS SO ORDERED.**

Date: July 3, 2003

Harry D. Leinenweber, Judge
United States District Court